**DISCIPLINARY BOARD, Petitioner,**

v.

**Thomas W. ROBB, Respondent.**

**No. 930218.**

Supreme Court of North Dakota.

Sept. 27, 1993.

---

### ORDER FOR DISCIPLINE

On July 7, 1993, the Disciplinary Board of the Supreme Court of North Dakota filed its Report, which incorporated the findings and recommendations of the Hearing Body. The Disciplinary Board requested this Court to publicly reprimand Thomas W. Robb, a member of the Bar of North Dakota since December 11, 1975, for conduct in his representation of Marvin E. and Nancy White (Whites).

The record shows that a Petition for Discipline was served upon Mr. Robb on July 15, 1992, alleging that Mr. Robb agreed to represent the Whites in a bankruptcy matter but never completed the work. Mr. Robb, responding to the Petition, served his Answer on August 5, 1992. The matter was brought before a Hearing Body of the Disciplinary Board at a regularly scheduled meeting on January 6, 1993.

The Hearing Body found that Mr. Robb agreed to represent the Whites in a bankruptcy matter for which he was paid $690; $600 for attorney's fees and $90 for the Bankruptcy Court filing fee. Mr. Robb prepared a bankruptcy petition but it was never completed, never executed by the Whites, and never filed with the Bankruptcy Court.

The Hearing Body further found that Mr. Robb's conduct violated Disciplinary Rule (DR) 7–101(A)(1) and (2), Code of Professional Responsibility (CPR), by failing to seek the lawful objectives of his client and failing to carry out a contract of employment entered into with a client. The Hearing Body also found violations of Rule 1.3, 1.4(a), and 1.5, Rules of Professional Conduct (RPC), which require a lawyer to act with reasonable diligence and promptness in representing a client, make reasonable efforts to keep a client informed about the status of a matter, promptly comply with a client's reasonable request, and charge reasonable fees for his services.

In addition, the Hearing Body found that aggravating conditions existed in that Mr. Robb has been disciplined on three prior occasions. On November 23, 1983, Mr. Robb was privately reprimanded for failing to pay an account. On October 16, 1990, Mr. Robb was privately reprimanded for failing to make reasonable efforts to keep a client reasonably informed about the status of a matter, engaging in conduct involving dishonesty, fraud deceit, or misrepresentation, and failing to have a written contingency fee agreement on an insurance matter. On October 24, 1991, Mr. Robb was privately reprimanded for failing to proceed with reasonable diligence in representing and communicating with a client.

Consequently, the Hearing Body recommended that Mr. Robb be publicly reprimanded, pay restitution to the Whites in the amount of $690, and pay the reasonable costs

of the disciplinary proceedings in the amount of $627.49. The Hearing Body submitted its Report to the Disciplinary Board at its regularly scheduled meeting on June 30, 1993. The Disciplinary Board unanimously adopted the Findings and Recommendations of the Hearing Body and on July 7, 1993 filed its Report with the Supreme Court.

On September 14, 1993, a Stipulation and Consent to Discipline signed by Mr. Robb, Mr. Brian Nelson, Mr. Robb's attorney, and Ms. Vivian E. Berg, Disciplinary Counsel, was filed with the Supreme Court. In the Stipulation and Consent to Discipline, Mr. Robb agreed to the discipline recommended by the Disciplinary Board. The Court considered the matter, and

ORDERED, that Mr. Robb be publicly reprimanded.

IT IS FURTHER ORDERED, that Mr. Robb pay restitution to Marvin E. and Nancy White in the amount of $690 and pay the reasonable costs and expenses of the disciplinary proceedings in the amount of $627.49.

/s/ Gerald W. VandeWalle
GERALD W. VANDE WALLE,
Chief Justice

/s/ Herbert L. Meschke
HERBERT L. MESCHKE,
Justice

/s/ Beryl J. Levine
BERYL J. LEVINE, Justice

/s/ William A. Neumann
WILLIAM A. NEUMANN,
Justice

/s/ Dale V. Sandstrom
DALE V. SANDSTROM, Justice