1999 ND 161

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Thomas W. ROBB, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,**

v.

**Thomas W. Robb, Respondent.**

**No. 990186.**

Supreme Court of North Dakota.

Aug. 9, 1999.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, for petitioner.

Thomas A. Dickson, Dickson Law Office, Bismarck, respondent.

PER CURIAM.

[¶ 1] On June 21, 1999, the Disciplinary Board filed its Report adopting the Report of the Hearing Body and Affidavit of Supplemental Costs and Expenses attached. The Disciplinary Board adopted the Hearing Body Report and submitted its Report and attachments to the Supreme Court. Consistent with the recommendations of the Hearing Body, the Disciplinary Board recommended that Thomas W. Robb be suspended from the practice of law for a period of 60 days and that he pay the costs and expenses of the disciplinary proceedings. The Supreme Court considered the matter under Rule 3.1(G), North Dakota Rules for Lawyer Discipline.

[¶ 2] Thomas W. Robb was admitted to practice law in North Dakota on December 11, 1975. Robb represented Melissa Dossenko a/k/a Melissa Goven and appeared with her at an initial appearance on April 14, 1998, and at a bond hearing on April 17, 1998. Robb also made a written discovery request under Rule 16, N.D.R.Crim.P., to the Burleigh County State's Attorney, which was received by the State's Attorney on April 20, 1998. On April 30, 1998, Robb was sent notice by the Deputy Clerk of Court, Burleigh County, that *State of North Dakota Melissa Dossenko a/k/a Melissa Goven,* had been set for preliminary hearing and/or arraignment on June 1, 1998, at 1:30 p.m.

[¶ 3] After his receipt of the April 30, 1998 notice, Robb had no communication with the court until May 27, 1998, when he wrote to Judge Thomas J. Schneider indicating that he would not be representing Ms. Goven because he had not received a response from her regarding the terms of his representation. Robb's letter was not copied to the State's Attorney. Judge Schneider responded to Robb, by letter, on May 27, 1998, informing Robb that he must comply with Rule 11.2, North Dakota Rules of Court, in order to withdraw from the case. The court forwarded a copy of Robb's May 27, 1998 letter to the State's Attorney.

[¶ 4] The preliminary hearing was commenced at 2:17 p.m., June 1, 1998, with Judge Schneider, Assistant State's Attorney Bruce Romanick and Ms. Goven present. Robb did not appear at the hearing. As a result of Robb's absence, the preliminary hearing did not proceed. On June 12, 1998, Wayne D. Goter served a Substitution of Counsel on the State's Attorney's office that had been executed by him on June 2, 1998, and executed by Robb on June 3, 1998. Robb was aware, weeks prior to the preliminary hearing, that attorneys fees would most likely not be paid, yet Robb took no reasonable or timely steps to correctly withdraw from representation to afford the client a reasonable period of time to obtain other counsel.

[¶ 5] Robb's conduct violated, by clear and convincing evidence, North Dakota Rules of Professional Conduct (N.D.R.Prof.Conduct) 3.4(c)(Fairness to Opposing Party and Counsel), in failing to follow Rule 11.2, North Dakota Rules of Court, governing the withdrawal of attorneys, and N.D.R. Prof. Conduct 1.16(e)(Declining or Terminating Representation), in failing to take steps to protect a client's interests when he terminated his representation.

[¶ 6] Robb's communication with the court, although ex parte, did not violate, by clear and convincing evidence, N.D.R. Prof. Conduct Rule 3.5(a)(Impartiality and Decorum of Tribunal).

[¶ 7] Under the North Dakota Standards for Imposing Lawyer Sanctions (N.D. Stds. Imposing Lawyer Sanctions), disbarment is appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client (Standard 4.41(b)); suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client (Standard 4.42(a)); reprimand is appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client (Standard 4.43).

[¶ 8] Additionally, suspension is appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding (Standard 6.22); reprimand is appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding (Standard 6.23); suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or legal system (Standard 7.2); and, reprimand is appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or legal system (Standard 7.3).

[¶ 9] The following aggravating factors exist: Robb has substantial experience in the practice of law (N.D. Stds. Imposing Lawyer Sanctions 9.22(i)); Robb has four prior disciplinary offenses (N.D. Stds. Imposing Lawyer Sanctions 9.22(a)):

1. Reprimand by the Disciplinary Board for violating North Dakota Rules for Lawyer Discipline 1.2(A)(2)(a lawyer may be disciplined for ... [c]ommitting a criminal act that reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer).

2. Public Reprimand by the Supreme Court (Supreme Court No. 930218) for violating Disciplinary Rule 7–101(A)(1) and (2)(failing to seek the lawful objectives of his client and failing to carry out a contract of employment) of the Code of Professional Responsibility, and N.D.R. Prof. Conduct 1.3, 1.4(a) and 1.5 (a lawyer shall act with reasonable diligence and promptness in representing a client, make reasonable efforts to keep a client informed about the status of a matter, and charge a reasonable fee). Robb was also ordered to pay restitution to the client in the amount of $690 and the costs and expenses of the disciplinary proceedings in the amount of $627.49. *In the Matter of the Disciplinary Action Against Robb*, 506 N.W.2d 714 (N.D.1993).

3. Private Reprimand by Inquiry Committee West for violation of N.D.R. Prof. Conduct 1.3 (requiring diligence and promptness in representing a client) and 1.4 (requiring a lawyer make reasonable efforts to keep a client reasonably informed about the status of a matter).

4. Private reprimand by Inquiry Committee West for violation of N.D.R. Prof. Conduct 1.3 (requiring diligence and promptness in representing a client), 1.4 (requiring a lawyer make reasonable efforts to keep a client reasonably informed about the status of a matter), North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(a)(3)(it is misconduct and grounds for disciplinary sanctions for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and N.D.R.Prof. Conduct 1.5(C), (failure to have a written contingency fee agreement).

[¶ 10] Robb and his attorney, Thomas A. Dickson, were informed on June 23, 1999, in writing, by certified mail return receipt requested, that the Report of the Disciplinary Board had been filed in the Su-

preme Court. They were advised under Rule 3.1(G), North Dakota Rules for Lawyer Discipline, that objections were due July 13, 1999, and if timely received, briefs limited to those objections would be due 50 days after service of the Report. Robb did not file objections to the Disciplinary Board Report and the matter was referred to the Supreme Court.

[¶ 11] **ORDERED**, Thomas W. Robb is suspended from the practice of law for a period of 60 days, effective September 1, 1999.

[¶ 12] **FURTHER ORDERED**, Thomas W. Robb pay the costs and expenses of these disciplinary proceedings in the amount of $1217.50, payable to the Secretary of the Disciplinary Board.

[¶ 13] **FURTHER ORDERED**, as a condition of reinstatement, Thomas W. Robb pay all outstanding costs and expenses assessed against him in any disciplinary proceeding, including costs and expenses assessed in Supreme Court No. 930218, *Disciplinary Bd. v. Robb*, in the amount of $627.49, which the file indicates are still outstanding.

[¶ 14] **FURTHER ORDERED**, Thomas W. Robb give notice to his clients and others as required in Rule 6.3, North Dakota Rules for Lawyer Discipline, and that proof of such compliance be filed with the Supreme Court.

[¶ 15] Dated at Bismarck, North Dakota, this 9th day of August, 1999.

[¶ 16] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, WILLIAM A. NEUMANN, DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.