2000 ND 194

**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Thomas W. ROBB, Respondent**

No. 20000259.

Supreme Court of North Dakota.

Nov. 2, 2000.

DISBARMENT ORDERED

PER CURIAM.

[¶ 1] On September 11, 2000, the Hearing Body of the Disciplinary Board filed its Report for consideration under N.D.R. Lawyer Discipl. 3.1(F)(2). Objections to the Report of the Hearing Body were due September 28, 2000; no objections were filed. The Record indicates Robb refused mail addressed to him by the Clerk of the Supreme Court and Secretary of the Disciplinary Board.

[¶ 2] The Petition for Discipline was served on Robb on May 23, 2000, and alleges Robb violated N.D.R. Prof. Conduct 1.3(diligence); 1.5(a)(4)(fees); 5.5(a) (unauthorized practice of law); and 8.4(d)(misconduct in violation of N.D.C.C. § 27–14–02(2)). Robb failed to serve and file an appropriate response to the Petition for Discipline but did file a letter with the Chair of the Hearing Body asserting that he is not a member of the bar of North Dakota and not subject to the jurisdiction of the Disciplinary Board.

[¶ 3] The Hearing Body found Robb was admitted to practice as an attorney in the courts of North Dakota on December 11, 1975, and since that date his name has appeared on the roll of attorneys maintained by the Supreme Court. Robb is not currently licensed to practice law. Under Rule 1.1(C), N.D.R. Lawyer Discipl., Robb remains subject to the disciplinary jurisdiction of this Court.

[¶ 4] In June of 1999, Robb was retained by Todd Keller to represent him in a bankruptcy proceeding and Keller paid Robb $675 for the bankruptcy filing. By order dated August 9, 1999, Robb was suspended by the Supreme Court from the practice of law for a period of 60 days, effective September 1, 1999. *See Disciplinary Board* v. *Robb*, 1999 ND 161, 598 N.W.2d 808. Under N.D.R. Lawyer Discipl. 6.3, Robb was to notify his clients of the suspension.

[¶ 5] Throughout September, October, November and December, Keller contacted Robb about the status of his case. No work was performed on Keller's case between June 1999 and December 1999, and Keller was never informed about Robb's suspension. Robb did not return Keller's money; Keller was refunded his $675 from the North Dakota State Bar Association Client Protection Fund.

[¶ 6] The Hearing Body found Robb's prior disciplinary record to be an aggravating factor under N.D.Stds. Imposing Lawyer Sanctions 9.22. Specifically, Robb has received the following discipline:

1. Private Reprimand by the Disciplinary Board for violation of Canon 1, Dis-

ciplinary Rule 8(j)(4), N.D.Code of Professional Responsibility.

2. Private reprimand by Inquiry Committee West for violation of N.D.R. Prof. Conduct 1.3(requiring diligence and promptness in representing a client), 1.4(requiring a lawyer make reasonable efforts to keep a client reasonably informed about the status of a matter), N.D. Procedural Rules for Lawyer Disability and Discipline 1.2(a)(3)(it is misconduct and grounds for disciplinary sanctions for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and N.D.R. Prof. Conduct 1.5(C)(failure to have a written contingency fee agreement).

3. Private Reprimand by Inquiry Committee West for violation of N.D.R. Prof. Conduct 1.3(requiring diligence and promptness in representing a client) and 1.4(requiring a lawyer make reasonable efforts to keep a client reasonably informed about the status of a matter).

4. Public Reprimand by the Supreme Court for violating Disciplinary Rule 7–101(A)(1) and (2)(failing to seek the lawful objectives of his client and failing to carry out a contract of employment) of the Code of Professional Responsibility, and N.D.R. Prof. Conduct 1.3, 1.4(a) and 1.5(a lawyer shall act with reasonable diligence and promptness in representing a client, make reasonable efforts to keep a client informed about the status of a matter, and charge a reasonable fee). Robb was also ordered to pay restitution to the client in the amount of $690 and the costs and expenses of the disciplinary proceedings in the amount of $627.49. *In the Matter of the Disciplinary Action Against Robb [Disciplinary Bd. v. Robb]*, 506 N.W.2d 714 (N.D. 1993).

5. Reprimand by the Disciplinary Board for violating N.D.R. Lawyer Discipl. 1.2(A)(2)(a lawyer may be disciplined for ... [c]ommitting a criminal act that reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer).

6. 60–day suspension by the Supreme Court for violation of N.D.R. Prof. Conduct 3.4(c)(Fairness to Opposing Party and Counsel), in failing to follow Rule 11.2, N.D.R.Ct., governing the withdrawal of attorneys, and N.D.R. Prof. Conduct 1.16(e)(Declining or Terminating Representation), in failing to take steps to protect a client's interests when he terminated his representation. *Disciplinary Board* v. *Robb*, 1999 ND 161, 598 N.W.2d 808.

7. One year suspension by the Supreme Court for violation of N.D.R. Prof. Conduct 1.15(a)(safekeeping client property) and 5.5(a) (practicing law before he had renewed his license as required by N.D.C.C. § 27–11–22). *Disciplinary Board* v. *Robb*, 2000 ND 146 [*In re Disciplinary Action Against Robb*], 615 N.W.2d 125.

[¶ 7] The Hearing Body further found that Robb's failure to respond to the allegations in Petition for Discipline is an admission under N.D.R. Lawyer Discipl. 3.1E(2) that the allegations are meritorious.

[¶ 8] The Hearing Body recommends Robb be disbarred from the practice of law, pay restitution to the North Dakota State Bar Association Client Protection Fund in the amount of $675, and pay costs in the amount of $318.50.

[¶ 9] **ORDERED** the Report of the Hearing Body of Disciplinary Board is adopted and Thomas W. Robb is DISBARRED from the practice of law, effective immediately.

[¶ 10] **FURTHER ORDERED** that Thomas W. Robb pay restitution in the amount of $675 to the North Dakota State Bar Association Client Protection Fund.

[¶ 11] **FURTHER ORDERED** that Thomas W. Robb pay the costs and expenses of the disciplinary proceedings in

the amount of $318.50, payable to the Secretary of the Disciplinary Board.

[¶ 12] Dated at Bismarck, North Dakota, November 1, 2000.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.