652 N.W.2d 358 (2002)
2002 ND 155
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Mark J. BUTZ, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Mark J. Butz, Respondent.
No. 20020210.
Supreme Court of North Dakota.
October 15, 2002.
PER CURIAM.
[¶ 1] Mark J. Butz was admitted to practice law in the courts of North Dakota on July 12, 1963, and since that time his name has appeared on the roll of attorneys.
[¶ 2] A Petition for Discipline was served on Butz on April 2, 2002. Butz acknowledged all but one of the facts alleged in the Petition. The Report of the Hearing Panel was filed August 13, 2002, and referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1F(2).
[¶ 3] Between July and September 1999, Butz was hired by Howard Wanna to represent him in a quiet title action brought by the North Dakota Department of Transportation. Wanna paid Butz a $500 retainer.
[¶ 4] In September 1999, Butz obtained two continuances from the trial court to respond to a summary judgment motion. On October 1, 1999, Butz informed the trial court "We are not going to respond to this 3.2 motion." The trial court entered judgment against Wanna.
[¶ 5] Butz did not inform Wanna that a response to the motion had not been filed, nor did he give Wanna copies of motions, orders, judgments, correspondence or other documents throughout the matter. *359 Rather, Butz told Wanna that he shouldn't worry about it and that it looks good.
[¶ 6] By September 2001, Butz would not take Wanna's phone calls. Wanna learned through inquiry at the courthouse that judgment had been entered against him. On October 12, 2001, Wanna went to see Butz; Butz apologized for doing a poor job and Wanna asked for his retainer back. Butz gave Wanna a postdated check on the back of which Butz had written "Endorsement constitutes full and complete satisfaction of all claims against each other." Wanna did not seek advice regarding the disclaimer nor did he endorse the check.
[¶ 7] Butz's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, 1.4, Communication, 1.8(h), Conflict of Interest: Prohibited Transactions, and N.D.R. Lawyer Discipl. 1.2A(3), which provides that it is misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
[¶ 8] Under N.D. Stds. Imposing Lawyer Sanctions 9.32(c), personal or emotional problems may be considered as a mitigating factor. Butz has significant personal and emotional problems resulting from a 1999 automobile accident. Under N.D. Stds. Imposing Lawyer Sanctions 9.32, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, character or reputation, and remorse may also be considered in mitigation. Butz has a good reputation in his community, has shown remorse, has indicated a willingness to make restitution, and has made free and full disclosure and been cooperative in this matter.
[¶ 9] Under N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses may be considered as an aggravating factor. In 1993, Butz received a private reprimand for violating DR 6-101(2) and (3), Code of Professional Responsibility, and in 1996, Butz was admonished for violating N.D.R. Prof. Conduct 3.5(a). Under N.D. Stds. Imposing Lawyer Sanctions 9.22, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law may also be considered in aggravation. Butz's history reflects prior offenses, and he has substantial experience in the practice of law.
[¶ 10] Under N.D. Stds. Imposing Lawyer Sanctions 4.32, suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client. Under N.D. Stds. Imposing Lawyer Sanctions 4.42, suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. Under N.D. Stds. Imposing Lawyer Sanctions 4.62, suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.
[¶ 11] ORDERED, the Report of the Hearing Panel of the Disciplinary Board is adopted, and Mark J. Butz is SUSPENDED from the practice of law for a period of 30 days, effective January 1, 2003.
[¶ 12] FURTHER ORDERED, Mark J. Butz pay restitution in the amount of $500 to Howard Wanna.
[¶ 13] FURTHER ORDERED, Mark J. Butz pay the costs and expenses of the disciplinary proceedings in the amount of $1,929.16, payable to the Secretary of the Disciplinary Board.
[¶ 14] FURTHER ORDERED, Mark J. Butz comply with N.D.R. Lawyer Discipl. 6.3F.
*360 [¶ 15] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.
[¶ 16] Justice WILLIAM A. NEUMANN, deeming himself disqualified, did not participate in this decision.