657 N.W.2d 287 (2003)
2003 ND 37
In the MATTER OF THE DISCIPLINARY ACTION AGAINST William E. McKECHNIE.
Loralyn K. Hegland, Assistant Disciplinary Counsel, Petitioner,
v.
William E. McKechnie, a Member of the Bar of the State of North Dakota, Respondent.
No. 20020199.
Supreme Court of North Dakota.
March 5, 2003.
*289 Loralyn Kay Hegland, Assistant Disciplinary Counsel, Bismarck, for petitioner.
James S. Hill, Zuger Kirmis & Smith, Bismarck, for respondent.
PER CURIAM.
[¶ 1] Loralyn K. Hegland, Assistant Disciplinary Counsel, sought review of a hearing panel's order dismissing a disciplinary proceeding against William E. McKechnie. We direct the hearing panel to conduct further proceedings.
[¶ 2] Hegland petitioned for discipline of McKechnie for alleged misconduct in representing Marvin French. Hegland alleged in the petition:
In April 1998, Marvin French retained McKechnie to represent him in an appeal of his job termination from the Grafton Development Center. French had been given the information on the manner in which the appeal had to be taken. French gave the information to McKechnie. McKechnie did not follow the proper appeal procedure. French's case was dismissed.
The petition alleged McKechnie violated N.D.R. Prof. Conduct 1.1, requiring a lawyer to provide competent representation to a client, and N.D.R. Prof. Conduct 1.3, requiring a lawyer to act with reasonable diligence in representing a client. The petition alleged five disciplinary admonitions McKechnie had received, stated which rules were violated, and summarized the basis of each admonition.
[¶ 3] In his answer to the petition, McKechnie alleged, in part:
The attorney[] whose legal obligation it was to pursue an administrative appeal was not William E. McKechnie but his associate, John D. Waller. At best, the assertion here amounts to a theory of negligent supervision of an attorney assigned the perfunctory task of pursuing an administrative appeal within a statutory time frame. The conduct is not ethical misconduct even if assumed to be true. It is a standard of care issue, not intentional ethical misconduct as envisioned by the North Dakota Rules of Professional Conduct.
McKechnie alleged the petition paragraph detailing his disciplinary admonitions "should be struck in its entirety and framed in a more general fashion." A disciplinary board hearing panel granted McKechnie's motion to strike the petition paragraph pleading the prior disciplinary admonitions. At McKechnie's later request, the hearing panel ordered that an amended petition be filed without reference to the prior admonitions.
[¶ 4] After a hearing, the hearing panel concluded McKechnie did not violate N.D.R. Prof. Conduct 1.1 or 1.3 and ordered the matter dismissed. Hegland sought review, and this Court granted the petition.

I
[¶ 5] We review disciplinary proceedings de novo on the record. In re Disciplinary Action Against Howe, 2001 ND 86, ¶ 6, 626 N.W.2d 650. We accord due weight to the findings, conclusions, and recommendations of the hearing panel, but do not act as a mere "rubber stamp." In re Disciplinary Action Against McDonald, 2000 ND 87, ¶ 13, 609 N.W.2d 418. Disciplinary counsel bears the burden of proving an alleged violation of the disciplinary *290 rules by clear and convincing evidence. In re Disciplinary Action Against Seaworth, 1999 ND 229, ¶ 24, 603 N.W.2d 176.

II
[¶ 6] Hegland contends the hearing panel erred in refusing to amend the petition for discipline. Hegland asserts:
Subsequent to McKechnie's testimony that he gave French's appeal to another attorney and that the other attorney failed to file the appeal, disciplinary counsel made a motion to amend the petition for discipline to allege a violation of Rule 5.1(c), NDRPC, regarding responsibility for a subordinate attorney's violation of the Rules of Professional Conduct.
[¶ 7] "Except as otherwise provided in these rules and insofar as appropriate, the North Dakota Rules of Civil Procedure and North Dakota Rules of Evidence apply in disability and discipline proceedings." N.D.R. Lawyer Discipl. 3.5(B). Generally, a trial court has discretion to grant or deny a request to amend a pleading under N.D.R.Civ.P. 15(a). Narum v. Faxx Foods, Inc., 1999 ND 45, ¶ 29, 590 N.W.2d 454. Under N.D.R.Civ.P. 15(b), a pleading can be amended to conform to the evidence if an unpleaded issue is tried by express or implied consent of the parties. However, "[c]onsent to try an issue outside the pleadings cannot be implied from evidence which is relevant to the pleadings but which also bears on an unpleaded issue." Fleck v. Jacques Seed Co., 445 N.W.2d 649, 652 (N.D.1989). In disbarment proceedings, the United States Supreme Court has said:
The charge must be known before the proceedings commence. They become a trap when, after they are underway, the charges are amended on the basis of testimony of the accused.
In re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). The hearing panel did not abuse its discretion in denying Hegland's motion to amend the complaint to add a new asserted violation during the hearing.

III
[¶ 8] Hegland contends the hearing panel erred in striking McKechnie's disciplinary history from the petition for discipline. Under N.D. Stds. Imposing Lawyer Sanctions 2.5, an admonition "is a form of non-public discipline." "A prior disciplinary history is relevant only in assessing sanctions after the allegations in the petition for discipline have been proven by clear and convincing evidence." Disciplinary Bd. v. McKechnie, 2003 ND 22, ¶ 10, 656 N.W.2d 661. Thus, "the details of prior private discipline should not be alleged in a petition for public discipline." Id. As in Disciplinary Bd. v. McKechnie, "we conclude the hearing panel did not err in striking the detailed allegations of McKechnie's prior disciplinary offenses from the original petition for discipline." McKechnie, at ¶ 10.

IV
[¶ 9] Hegland contends the hearing panel erred in permitting a lawyer to testify as an expert witness. Expert testimony about whether or not a rule of professional conduct has been violated is inappropriate in disciplinary proceedings. Disciplinary Bd. v. McKechnie, 2003 ND 22, ¶ 15, 656 N.W.2d 661; In re Disciplinary Action Against Boulger, 2001 ND 210, ¶ 13, 637 N.W.2d 710. As in McKechnie, at ¶ 17, "[w]e further conclude the expert testimony presented by McKechnie was not necessary to `assist the trier of fact to understand the evidence or to determine a fact in issue.' N.D.R.Ev. 702. We will *291 ignore the expert testimony in our de novo review."

V
[¶ 10] Hegland contends the hearing panel erred in excluding French from hearing the testimony of other witnesses. At the hearing, McKechnie requested exclusion of French during testimony of other witnesses under N.D.R.Ev. 615. Hegland did not object to French's exclusion at the hearing, and the hearing panel granted McKechnie's request. Because Hegland did not object at the hearing, we decline to address this issue. Disciplinary Bd. v. McKechnie, 2003 ND 22, ¶ 12, 656 N.W.2d 661.

VI
[¶ 11] Hegland filed a motion asserting: (1) "Utilizing the Court's website, disciplinary counsel discovered that Waller was admitted to the practice of law in North Dakota on October 16, 1998. Therefore, Waller was not admitted to practice law in North Dakota at the time that McKechnie claimed he gave Marvin French's appeal to Waller to handle"; (2) "At no time in his testimony before the hearing panel did McKechnie state that when he gave French's matter to Waller, Waller was not licensed to practice law in North Dakota"; (3) "The Court could remand this matter to the hearing panel for the panel's consideration of the fact that Waller was not licensed to practice law in North Dakota at the time McKechnie delegated French's appeal to Waller"; and (4) "Alternatively, the Court could consider its own admission records in conjunction with the record in this disciplinary proceeding."
[¶ 12] A lawyer facing disbarment is "entitled to procedural due process, which includes fair notice of the charge." In re Ruffalo, 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). Thus, we will not address the issue of whether Waller was licensed when French sought to appeal his job termination in the first instance, because McKechnie has had no real chance to prepare. We remand this matter to the hearing panel for consideration upon affording McKechnie proper notice and a fair opportunity to meet any charge leveled at him in this regard.

VII
[¶ 13] Hegland contends there was clear and convincing evidence McKechnie violated N.D.R. Prof. Conduct 1.3, which provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." Hegland argues: "McKechnie failed to timely file French's appeal. Because of McKechnie's failure, French's case was dismissed. There was clear and convincing evidence that McKechnie violated Rule 1.3, Diligence." Because of the impact that Waller's admission to practice law in North Dakota in October 1998 may have on Hegland's assertion that there was clear and convincing evidence McKechnie violated N.D.R. Prof. Conduct 1.3, we do not decide that issue now, but direct the hearing panel to consider that issue again when it considers the issue of Waller's October 1998 admission to practice law in North Dakota.

VIII
[¶ 14] The matter is remanded to the hearing panel for further proceedings in accordance with this opinion.
[¶ 15] VANDE WALLE, C.J., SANDSTROM, NEUMANN, MARING and KAPSNER, JJ., concur.