670 N.W.2d 864 (2003)
2003 ND 170
In the Matter of the Application for DISCIPLINARY ACTION AGAINST William E. McKECHNIE, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
William E. McKechnie, Respondent.
No. 20030153.
Supreme Court of North Dakota.
November 13, 2003.
Rehearing Denied December 19, 2003.
*866 Loralyn K. Hegland, Assistant Disciplinary Counsel (on brief) and Paul W. Jacobson, Disciplinary Counsel (argued), Bismarck, for petitioner.
James S. Hill, Zuger Kirmis & Smith, Bismarck, for respondent.
PER CURIAM.
[¶ 1] William E. McKechnie ("McKechnie") and Disciplinary Counsel filed objections to a hearing panel's report, which concluded McKechnie violated N.D.R. Prof. Conduct 1.3 because he failed to act diligently in filing a client's job termination grievance. The hearing panel recommended McKechnie be suspended from the practice of law for one year and pay costs and attorney's fees for the disciplinary action. We conclude there is clear and convincing evidence McKechnie violated N.D.R. Prof. Conduct 1.3. However, we decline to adopt the hearing panel's one-year suspension recommendation. Instead, we order McKechnie suspended from the practice of law for six months and one day and order him to pay costs and attorney's fees for the disciplinary action.

I
[¶ 2] McKechnie was admitted to practice law in North Dakota on October 5, 1981. Marvin French ("French") hired McKechnie to represent him regarding his termination from the North Dakota Developmental Center ("Developmental Center") in Grafton, North Dakota. McKechnie faxed letters to the Director of Human Services for the Developmental Center and to the Central Personnel Division in the State of North Dakota Office of Management and Budget ("Central Personnel") on April 28 and April 29, 1998, respectively, stating his intention to file an appeal on behalf of French.
[¶ 3] On May 1, 1998, Central Personnel faxed a response describing the proper grievance and appeal procedures. The letter informed McKechnie that French had fifteen working days after his termination to file a grievance with the Developmental Center and that the last date to file was May 6, 1998. After a decision on his grievance, French would have the opportunity to appeal to the Director of Human Services.
[¶ 4] McKechnie claims he assigned the case to his associate, John D. Waller ("Waller"), on May 1, 1998. Neither McKechnie nor Waller filed the grievance. On September 23, 1998, Waller sent a letter to the Director of Human Services *867 inquiring about the status of the appeal. The Director of Human Services replied on September 29, 1998, informing Waller that French did not follow the correct procedure and that there were no grounds for appeal. McKechnie appealed to the district court, but the court dismissed the appeal for failure to first exhaust administrative remedies. Disciplinary Counsel sought discipline against McKechnie for failure to file French's grievance in violation of N.D.R. Prof. Conduct 1.3.
[¶ 5] This is the second time McKechnie has been before our Court on disciplinary matters regarding French's case. See In re Disciplinary Action Against McKechnie, 2003 ND 37, 657 N.W.2d 287. Originally, the hearing panel concluded McKechnie did not violate N.D.R. Prof. Conduct 1.3 and dismissed the matter. On petition for review, we remanded the matter to the hearing panel for further proceedings regarding whether Waller was licensed to practice law in North Dakota at the time French's grievance was due and whether McKechnie violated N.D.R. Prof. Conduct 1.3. In re McKechnie, at ¶ 13.
[¶ 6] On remand, the hearing panel found McKechnie did not assign French's case to Waller until or about September 23, 1998, and found clear and convincing evidence McKechnie violated N.D.R. Prof. Conduct 1.3. The hearing panel recommended that McKechnie be suspended from the practice of law for one year and that McKechnie pay the costs of the disciplinary proceeding. It declined to recommend restitution. Both McKechnie and Disciplinary Counsel filed objections to the hearing panel's recommendations.

II
[¶ 7] We review disciplinary proceedings de novo on the record. In re Disciplinary Action Against Giese, 2003 ND 82, ¶ 7, 662 N.W.2d 250. We accord due weight to the findings, conclusions, and recommendations of the hearing panel, but we do not act as a mere "rubber stamp." Id. Disciplinary Counsel bears the burden of proving each alleged violation of the disciplinary rules by clear and convincing evidence. Id. Each disciplinary case must be considered upon its own facts to decide what discipline is warranted. Id.

III
[¶ 8] On appeal, McKechnie argues the hearing panel violated his United States Constitutional Due Process rights by exceeding the scope of remand and by failing to give him proper notice of the charges against him. McKechnie contends there is not clear and convincing evidence that he violated N.D.R. Prof. Conduct 1.3. McKechnie also contends the sanctions recommended by the hearing panel are not appropriate. Disciplinary Counsel argues the hearing panel erred when it declined to recommend McKechnie pay restitution to French.

A
[¶ 9] McKechnie argues the hearing panel violated his Constitutional Due Process rights by exceeding the scope of the remand when it found he assigned the case to Waller on or about September 23, 1998. Attorneys accused of ethical violations are "entitled to procedural due process, which includes fair notice of the charge." In re Ruffalo, 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).
[¶ 10] We conclude the hearing panel did not exceed the scope of our remand. When we remanded this case, we stated:
Because of the impact that Waller's admission to practice law in North Dakota in October 1998 may have on Hegland's assertion that there was clear and convincing *868 evidence McKechnie violated N.D.R. Prof. Conduct 1.3, we do not decide that issue now, but direct the hearing panel to consider that issue again when it considers the issue of Waller's October 1998 admission to practice law in North Dakota.
In re McKechnie, 2003 ND 37, ¶ 13, 657 N.W.2d 287. On remand, the duty of the lower court is to comply with the mandate of this Court. Dobler v. Malloy, 214 N.W.2d 510, 514 (N.D.1973). However, the lower court is not shackled to the precise pleadings and evidence of the prior trial unless this Court limited the terms of remand. Id. Here, we remanded the entire issue of whether McKechnie violated N.D.R. Prof. Conduct 1.3. Inherent in that decision is the date McKechnie assigned the case to Waller. Therefore, the hearing panel was within the scope of remand when it concluded McKechnie assigned the matter to Waller on September 23, 1998.
[¶ 11] McKechnie also claims the hearing panel violated his Constitutional Due Process rights because he did not have full notice of the charges against him. We remanded this case giving McKechnie notice of the argument that Waller was not a licensed attorney in North Dakota when McKechnie assigned the case to him. The question of when McKechnie assigned the case to Waller had to be answered in order to determine whether Waller was a licensed North Dakota attorney when he received the case. In re McKechnie, 2003 ND 37, ¶ 12, 657 N.W.2d 287. We remanded the entire issue of the violation of N.D.R. Prof. Conduct 1.3 and the effect Waller's date of admission to practice law in North Dakota had on that issue. We conclude McKechnie had full notice of the charge under the amended petitionviolation of N.D.R. Prof. Conduct 1.3 for failure to file French's grievance with due diligence.
[¶ 12] McKechnie argues the hearing panel's refusal to order a N.D.R.Civ.P. 16 conference was an error and contributed to his lack of notice. McKechnie moved for a pre-trial conference to "set the parameters of the present remand...." McKechnie's motion sought to limit the issues rather than discover the issues.
[¶ 13] We need not decide whether a Rule 16 conference is mandatory when a party to a disciplinary proceeding requests one, because we conclude, under the facts of this case, failure to hold a Rule 16 conference would be harmless error. See N.D.R.Civ.P. 61. McKechnie had full notice of the charge against him, and therefore, the lack of a conference to inform him of the charges did not affect his substantial rights.

B
[¶ 14] McKechnie argues there is not clear and convincing evidence he violated N.D.R. Prof. Conduct 1.3. We disagree.
[¶ 15] On remand, the hearing panel impliedly found McKechnie lacked credibility. The evidence supports the conclusion that McKechnie did not assign the case to Waller until September of 1998; that he was representing French when the time ran on filing the grievance; and that he violated N.D.R. Prof. Conduct 1.3.
[¶ 16] Waller sent a letter to the Director of Human Services, dated September 23, 1998, inquiring about the status of French's case. The letter states, "Mr. McKechnie, the attorney originally handling this matter, has asked me to review the file and report to him the status of Mr. French's appeal." We find this language supports that McKechnie did not assign *869 French's case to Waller until September of 1998.
[¶ 17] On remand, the evidence supports that McKechnie lacked credibility when he testified to the date he assigned French's case to Waller. In the first hearing, McKechnie testified about the assignment as follows:
Q. The letter is dated May 1st, 1998. Did you file a grievance by May 6th?
A. I instructed another person in my office to do it who was a licensed attorney.
Q. Did you check up on that attorney to see whether it had been done?
A. No, obviously not. Didn't come to my attention until about October ofthat year, when I did have a significant chat with him.
McKechnie also testified that Waller was employed at his firm for approximately a year prior to May of 1998. At no time did McKechnie tell the hearing panel Waller was licensed to practice law in Minnesota, but not in North Dakota. He either did not know or chose not to tell the panel, and either makes his testimony suspect.
[¶ 18] Disciplinary Counsel made this Court aware of Waller's date of admission to practice in North Dakota when she petitioned for review of the first hearing panel's recommendation. We remanded the case ordering that the hearing panel consider this new evidence. The hearing panel obviously felt misled after hearing McKechnie's testimony at the remand hearing. McKechnie appears to have crafted his testimony to be both truthful and misleading. He testified Waller was a licensed attorney, which was true, but omitted the fact that he was licensed in Minnesota, but not in North Dakota. We conclude the hearing panel changed its finding of the date of assignment upon its conclusion McKechnie was not entirely truthful at the first hearing. We agree with the hearing panel and conclude McKechnie did not assign the case to Waller until September of 1998.
[¶ 19] Even if McKechnie assigned the case to Waller May 1, 1998, there is clear and convincing evidence McKechnie violated N.D.R. Prof. Conduct 1.3. He testified at the first hearing he did not actually assign the case to Waller but assigned only the project of filing the grievance documents. He stated "I handed it over to him to do the notice. I really did. I didn't have him do the whole thingdidn't intend him to do the whole thing." McKechnie admits the case was still his and he failed to ensure French's grievance was timely filed with the Developmental Center.
[¶ 20] We find further support McKechnie violated N.D.R. Prof. Conduct 1.3 in the letters sent by McKechnie and Waller in regards to the grievance. McKechnie faxed a letter to the Director of Human Services for the Developmental Center dated April 28, 1998, and to the Central Personnel Division dated April 29, 1998, stating his intention to file a grievance on French's behalf. McKechnie was notified on May 1, 1998, that the faxed letters did not satisfy the grievance procedure.
[¶ 21] The evidence establishes French's grievance had to be filed by May 6, 1998. It was a lack of diligence for McKechnie to assign the case to Waller this close to the expiration of the period to file a grievance and then not to make sure it was filed. An attorney cannot assign a case that close to the expiration of a time period and absolve himself of all duties of due diligence. Therefore, McKechnie violated N.D.R. Prof. Conduct 1.3 even if he assigned the case to Waller on or about May 1, 1998.

*870 IV
[¶ 22] McKechnie argues the sanctions the hearing panel recommended are not appropriate. The hearing panel recommended that McKechnie be suspended from the practice of law for one year and that he pay the costs of the disciplinary proceeding. Disciplinary Counsel argues the hearing panel should have recommended restitution to the injured client, French.

A
[¶ 23] In determining the appropriate sanctions for violations of the Rules of Professional Conduct, we are guided by the North Dakota Standards for Imposing Lawyer Sanctions. In re Disciplinary Action Against Edwardson, 2002 ND 106, ¶ 21, 647 N.W.2d 126. Under N.D. Stds. Imposing Lawyer Sanctions 2.0, potential sanctions include suspension, restitution, and assessment of costs. We consider the following factors from the Standards for Imposing Lawyer Sanctions: "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." N.D. Stds. Imposing Lawyer Sanctions 3.0.
[¶ 24] In considering the factors from the Standards for Imposing Lawyer Sanctions, we conclude McKechnie should be suspended from the practice of law. McKechnie violated N.D.R. Prof. Conduct 1.3. Under N.D. Stds. Imposing Lawyer Sanctions 4.42(a), suspension is an appropriate sanction when the lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. We conclude McKechnie satisfies the mental state required for suspension. "Knowledge" is defined as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result." N.D. Stds. Imposing Lawyer Sanctions, Definitions. "Knowingly" is defined in the Rules as "actual knowledge of the fact in question." N.D.R. Prof. Conduct, Terms; see also In re Disciplinary Action Against LaQua, 548 N.W.2d 372, 376 (N.D.1996). Knowledge can be inferred from the lawyer's conduct in the circumstances. Id.
[¶ 25] McKechnie knowingly failed to perform services for a client by failing to file French's appeal when he was consciously aware it was due by May 6, 1998. As a result of McKechnie's lack of diligence, French lost his ability to grieve or appeal his job termination. We conclude suspension is the appropriate sanction for McKechnie's violation of N.D.R. Prof. Conduct 1.3.
[¶ 26] The term of suspension is considered in light of the existence of aggravating or mitigating factors. While McKechnie has not called our attention to any mitigating factors, we find the only mitigating factor is that McKechnie expressed remorse for the dismissal of French's appeal. N.D. Stds. Imposing Lawyer Sanctions 9.32(l). Standard 9.2, N.D. Stds. Imposing Lawyer Sanctions, provides that the existence of prior disciplinary offenses is an aggravating factor that may justify an increase in the degree of discipline to be imposed. Both prior private and public disciplinary actions may be considered. See, e.g., In re Disciplinary Action Against Crary, 2002 ND 9, ¶ 25, 638 N.W.2d 23 (finding a private reprimand an aggravating factor).
[¶ 27] McKechnie has an extensive disciplinary record in North Dakota. He has received five admonitions and one reprimand. McKechnie has been practicing law for over twenty years and, therefore, has substantial experience.
*871 [¶ 28] Based on McKechnie's violation of N.D.R. Prof. Conduct 1.3, his substantial experience, and his disciplinary record, we conclude he should be suspended from the practice of law in North Dakota for six months and one day.

B
[¶ 29] McKechnie argues the hearing panel should not have recommended he pay costs and attorney's fees for the action because some of Disciplinary Counsel's claims were dismissed. Under N.D. Stds. Imposing Lawyer Sanctions 2.7(b), the hearing panel may impose other sanctions, including assessment of costs. We stated in In re Disciplinary Action Against Howe, "Unless otherwise ordered by this Court or the Disciplinary Board, our disciplinary rules require assessment of costs and expenses against a disciplined attorney." 2001 ND 7, ¶ 17, 621 N.W.2d 361 (quoting In re Disciplinary Action Against Boughey, 1999 ND 205, ¶ 13, 602 N.W.2d 268); see also N.D.R. Lawyer Discipl. 1.3(D). "Costs and expenses assessed under N.D.R. Lawyer Discipl. 1.3(D) ordinarily include reasonable attorney fees for disciplinary counsel." In re Howe, at ¶ 17. We adopt the hearing panel's recommendation McKechnie pay costs and attorney's fees associated with this disciplinary action, which amount to $4,560.12 as evidenced by Disciplinary Counsel's affidavit.
[¶ 30] Disciplinary Counsel argues the hearing panel should have recommended McKechnie pay French $2,000 in restitution. The record does not support restitution, however, and we decline to order McKechnie to pay French restitution. French paid McKechnie a $2,000 retainer to represent him for his job termination. McKechnie testified he successfully represented French in a hearing for unemployment compensation. The unemployment compensation hearing appears to have occurred after French retained McKechnie for his job termination. There is no evidence as to whether the $2,000 retainer was strictly for the job termination or whether it could also be used for the unemployment compensation hearing. Therefore, we decline to order McKechnie pay restitution to French.

V
[¶ 31] We examined McKechnie's other objections to the hearing panel's recommendations and find them without merit. We conclude McKechnie violated N.D.R. Prof. Conduct 1.3, and we order that he be suspended from the practice of law for six months and one day, effective January 1, 2004, and that he pay the costs and attorney's fees for the disciplinary proceeding.
[¶ 32] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.