2005 ND 109

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Charles T. EDIN, a Person Admitted to the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Charles T. Edin, Respondent.**

**Nos. 20050010, 20050011.**

Supreme Court of North Dakota.

June 7, 2005.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for petitioner.

Charles T. Edin, pro se.

PER CURIAM.

[¶ 1]  Disciplinary Counsel of the Disciplinary Board of the Supreme Court filed objections to a hearing panel's report, which concluded Charles T. Edin violated N.D.R. Prof. Conduct 1.3, 1.4, and 1.16 because he failed to act diligently in han-

dling his client's cases; he did not promptly respond to his client's reasonable requests for information; and his abrupt withdrawal of representation adversely affected his clients. The hearing panel recommended Edin be suspended from the practice of law for six months and pay the costs of the disciplinary proceeding. Edin admitted each of the alleged violations. We decline to fully adopt the hearing panel's recommendation. We order Edin suspended from the practice of law from the date of his original interim suspension, September 24, 2003, to the date this opinion is filed. We further order him to pay the costs and attorney's fees for the disciplinary proceeding.

I

[¶ 2] Charles Edin was admitted to practice as an attorney at law in the courts of North Dakota on April 16, 1984, and his name has appeared since that date on the roll of attorneys admitted to the North Dakota Bar, as maintained by the Supreme Court. Edin was placed on interim suspension from the practice of law on September 24, 2003, under Rule 3.4(b), N.D.R. Lawyer Discipl. *Disciplinary Board v. Edin*, 2003 ND 152, 669 N.W.2d 118. Under N.D.R. Lawyer Discipl. 3.4(b), a trustee was appointed to protect Edin's clients' interests on September 30, 2003. *See* N.D.R. Lawyer Discipl. 6.4.

[¶ 3] On October 1, 2003, in compliance with N.D.R. Lawyer Discipl. 6.3, which requires an attorney placed on interim suspension to give notice to "[a]ll clients being represented in pending matters," this Court received a letter from Edin with several attachments indicating he had complied with the rule and offering an explanation for his actions. The Court then informed Edin that his reinstatement would be considered upon receipt of an

assessment from his physician of his ability to function as a practicing attorney.

[¶ 4] On January 30, 2004, Edin filed a letter and attachment requesting the Court lift the interim suspension. On February 4, 2004, Disciplinary Counsel responded, asserting the interim suspension should remain in effect. On February 18, 2004, this Court ordered the matter referred to the Disciplinary Board for expeditious hearing under N.D.R. Lawyer Discipl. 5.1(c) and a determination be made in conjunction with any other matters presently pending with the Disciplinary Board. A Notice of Appointment of Hearing Panel was filed on February 24, 2004, and served on Edin March 1, 2004. Edin filed his Answer to Petition for Hearing on August 11, 2004. A Notice of Hearing was served on Edin September 13, 2004, and the hearing was held on November 19, 2004.

[¶ 5] The hearing panel heard the testimony of Jolene Samuelson, Kary Hoff, and Julie and Gerard Feist, all former clients of Edin. The hearing panel report, filed January 10, 2005, concluded Edin violated N.D.R. Prof. Conduct 1.3, Diligence, because he did not act with reasonable diligence in his representation of either Hoff or the Feists; N.D.R. Prof. Conduct 1.4, Communication, because he did not make a reasonable effort to keep Hoff, the Feists, or Samuelson reasonably informed of the status of their respective cases; and N.D.R. Prof. Conduct 1.16, Declining or Terminating Representation, because he abruptly ended his representation of Samuelson while her matter was unresolved. The hearing panel also found "[o]ther clients ... would be willing and happy to have Edin do legal work for them in the future."

[¶ 6] Edin admitted to the alleged violations, asserting his actions resulted from his disappointment in the legal system

over another case in which he was involved and from depression caused by that case.

[¶ 7]   The hearing panel noted, in deciding an appropriate sanction, they considered Standard 9.32(c) and (h), North Dakota Standards for Imposing Lawyer Sanctions, which expressly include "personal or emotional problems" and "mental disability or impairment" as mitigating factors.   The hearing panel also considered 9.32(a), absence of prior disciplinary record;  9.32(e), full and free disclosure and cooperative attitude;  and 9.32(g), character or reputation, as mitigating factors. Standard 9.22(I), substantial experience in the practice of law, was considered as an aggravating factor.   The hearing panel further noted that Edin's "demeanor and testimony at the hearing reflects remorse and an understanding of the nature of the misconduct."   The hearing panel recommended that Edin be suspended from the practice of law for six months, with credit for time served under his interim suspension, and that he pay the costs and attorney's fees for the disciplinary proceeding.

[¶ 8]   On January 27, 2005, Disciplinary Counsel objected to the hearing panel's recommendation, arguing Edin be suspended from the practice of law for two years, with credit for time served under interim suspension;  Edin be required to pay restitution to certain former clients in the total amount of $20,000;  and Edin be required to pay the costs and attorney's fees for the disciplinary proceeding.

## II

■   [¶ 9]   We review disciplinary proceedings de novo on the record. *In re Disciplinary Action Against McKechnie*, 2003 ND 170, ¶ 7, 670 N.W.2d 864.   We accord due weight to the hearing panel's findings, conclusions, and recommendations, but we do not act as a mere rubber stamp of the hearing panel's decision. *Id.*

Disciplinary Counsel bears the burden of proving each alleged violation of the disciplinary rules by clear and convincing evidence. *Id.* Each disciplinary case must be considered upon its own facts to decide what discipline, if any, is warranted.   *Id.*

## III

[¶ 10]   Disciplinary Counsel argues the hearing panel's recommended sanctions are not appropriate.   Disciplinary Counsel contends the hearing panel should have recommended that Edin be suspended for two years and that he pay restitution to his injured clients.

## A

■   [¶ 11]   In determining the appropriate sanctions for violations of the Rules of Professional Conduct, we are guided by the North Dakota Standards for Imposing Lawyer Sanctions. *In re Disciplinary Action Against Edwardson*, 2002 ND 106, ¶ 21, 647 N.W.2d 126.   Under N.D. Stds. Imposing Lawyer Sanctions 2.0, potential sanctions which may be imposed include suspension, restitution, and assessment of costs.   We consider the following factors in imposing sanctions:  "(a) the duty violated; (b) the lawyer's mental state;  (c) the potential or actual injury caused by the lawyer's misconduct;  and (d) the existence of aggravating or mitigating factors."   N.D. Stds. Imposing Lawyer Sanctions 3.0.

[¶ 12]   Disciplinary Counsel argues that under Standard 4.41(a) or 4.42, North Dakota Standards for Imposing Lawyer Sanctions, Edin's ethical violations amount to abandonment of his practice warranting a two-year suspension.   Standard 4.41 provides:

Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

Standard 4.42 provides:

Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

[¶ 13] Disciplinary Counsel argues a two-year suspension more accurately reflects the seriousness of the misconduct, while allowing for consideration of the mitigating factors found by the hearing panel. Disciplinary Counsel further argues that accepting the hearing panel's six-month suspension, with credit for time served, makes Edin eligible for immediate reinstatement without proving rehabilitation, whereas a two-year suspension would require Edin to show his fitness to practice before reinstatement. *See* N.D.R. Lawyer Discipl. 4.5(A).

■ [¶ 14] Edin's conduct violated N.D.R. Prof. Conduct, Rule 1.3, Diligence; Rule 1.4, Communication; and Rule 1.16, Declining or Terminating Representation, and Edin has admitted the violations. Considering the seriousness of the violations of these rules and the factors under the Standards for Imposing Lawyer Sanctions, we conclude suspension is the appropriate sanction for Edin's violations. We conclude, however, the term of suspension should be from his September 24, 2003, interim suspension to the date this opinion is filed. This means that Edin must prove rehabilitation in order to establish his qualification for reinstatement. *See* N.D.R. Lawyer Discipl. 4.5(A).

B

■ [¶ 15] Disciplinary Counsel argues Edin should be required to pay restitution to his former clients because Edin ignored his clients for months and only contacted each to inform them he was quitting the practice of law after he was placed on interim suspension. Edin counters, arguing Disciplinary Counsel has not shown by clear and convincing evidence the work billed to his clients was not accomplished, the billings were not reasonable, or that any of the work he performed needed to be re-accomplished by subsequent representatives.

[¶ 16] Disciplinary Counsel cites *Disciplinary Board v. Giese*, 2003 ND 82, 662 N.W.2d 250; *Disciplinary Board v. Butz*, 2002 ND 155, 652 N.W.2d 358; and *Disciplinary Board v. Robb*, 506 N.W.2d 714 (N.D.1993), as examples of cases in which restitution was imposed. In each of these cases, however, clear and convincing evidence was presented indicating the client had paid for services they did not receive.

[¶ 17] This case is distinguishable from the cited cases because the record does not contain, nor has Disciplinary Counsel presented, clear and convincing evidence showing Edin did not perform the work for which he billed his clients or that his conduct resulted in a monetary loss to his clients. Therefore, we conclude Edin is not required to pay restitution to his former clients.

[¶ 18] We order that Charles T. Edin be suspended from the practice of law for the term beginning with his September 24,

2003, interim suspension to the date this opinion is filed and that he pay the costs and attorney's fees for the disciplinary proceedings of $1,738.51.

[¶ 19] GERALD W. VANDE WALLE, C.J., ZANE ANDERSON, D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 20] The Honorable ZANE ANDERSON, D.J., sitting in place of KAPSNER, J., disqualified.