708 N.W.2d 310 (2006)
2006 ND 2
In the Matter of the Application for DISCIPLINARY ACTION AGAINST William E. McKECHNIE, A Person Admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
William E. McKechnie, Respondent.
Nos. 20050362, 20050363.
Supreme Court of North Dakota.
January 9, 2006.

SUSPENSION ORDERED
PER CURIAM.
[¶ 1] William E. McKechnie was served Summonses and Petitions for Discipline in two separate matters: Supreme Court No. 20050362, the Carl A. Harmon III ("Harmon") matter, and Supreme Court No. 20050363, the John D. Lawrence ("Lawrence") matter. On October 18, 2005, a Stipulation and Consent to Discipline was filed for both matters.
[¶ 2] McKechnie stipulates he was admitted to practice as an attorney at law in the courts of North Dakota on October 5, 1981, and his name has appeared on the roll of attorneys maintained by the Supreme Court since that time. McKechnie was placed on suspension from the practice of law, for six months and one day, effective January 1, 2004. See Disciplinary Board v. McKechnie, 2003 ND 170, 670 N.W.2d 864. McKechnie has not applied for reinstatement under N.D.R. Lawyer Discipl. 4.5(C).
[¶ 3] McKechnie stipulates he represented Harmon in connection with Harmon's conviction of gross sexual imposition, felonious restraint and terrorizing. McKechnie's representation was to include the direct appeal of Harmon's conviction, and an appeal from Harmon's petition for post-conviction relief. The appeal of Harmon's conviction was stayed pending disposition of the petition for post-conviction *311 relief. The trial court denied Harmon's petition for post-conviction relief on January 10, 1997, but McKechnie failed to timely appeal the denial of post-conviction relief. The Supreme Court remanded the post-conviction relief matter to the trial court "for the limited purpose of considering an appropriate motion for extension of time to file the Notice of Appeal." McKechnie filed a "Motion to Determine the Timeliness of Notice of Appeal" which was denied by the trial court. The Supreme Court dismissed Harmon's post-conviction appeal as not timely. See State v. Harmon, 1997 ND 233, 575 N.W.2d 635.
[¶ 4] McKechnie stipulates he represented Lawrence in a malpractice action. On July 18, 2003, the Supreme Court upheld the dismissal of Lawrence's malpractice action. See Lawrence v. Roberdeau, 2003 ND 124, 665 N.W.2d 719. After this decision, McKechnie confirmed that if Lawrence paid $650 by April 8, 2003, "all outstanding billings for fees and services" would be "paid in full to date at the McKechnie Law Office." Lawrence paid the $650 balance by check dated August 14, 2003.
[¶ 5] Thereafter, McKechnie agreed to continue with legal matters concerning Lawrence's son and to represent Lawrence in connection with a Federal Civil Rights Act case. McKechnie agreed to do the work if Lawrence paid $2,500 "up front." McKechnie also agreed to file, as part of the $2,500, a motion for visitation with Lawrence's son over Christmas. Lawrence paid the $2,500, by check dated October 25, 2003, which McKechnie cashed. On November 13, 2003, McKechnie was suspended from the practice of law for six months and one day effective January 1, 2004. See, Disciplinary Board v. McKechnie, 2003 ND 170, 670 N.W.2d 864. McKechnie did not commence a Federal Civil Rights action on Lawrence's behalf, failed to refund unearned portions of the $2,500 up-front payment, failed to account for the funds, and failed to provide Lawrence's file to his new attorneys.
[¶ 6] McKechnie stipulates his conduct violated N.D.R. Prof. Conduct 1.3, Diligence, 1.1, Competence, 1.5(a), Fees, 1.15(b) and (f), Safekeeping Property, and 1.16(e), Declining or Terminating Representation. McKechnie further stipulates that his previous discipline is an aggravating factor in the imposition of discipline under Standard 9.22, N.D. Stds. Imposing Lawyer Sanctions.
[¶ 7] McKechnie consents to a suspension from the practice of law for a period of two years, with 18 months to run concurrently with the previous suspension that was imposed effective January 1, 2004. McKechnie also consents to the completion of six hours of continuing legal education in the area of ethics or professional responsibility, in addition to the mandatory requirements of Rule 3, N.D.R. Continuing Legal Ed.; to refund $2,500 to Lawrence and to return any file materials not previously supplied to Lawrence; and to the payment of costs and expenses of these disciplinary proceedings in the amount of $750.
[¶ 8] These matters, including the Stipulation and Consent to Discipline, were submitted to separate Hearing Panels of the Disciplinary Board for consideration. On October 18, 2005, the Hearing Panels filed a Combined Report of Hearing Panels under N.D.R. Lawyer Discipl. 3.1(F)(2). The Hearing Panels reviewed the Stipulation and Consent to Discipline, and concluded that McKechnie's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, 1.1, Competence, 1.5(a), Fees, 1.15(b) and (f), Safekeeping Property, and 1.16(e), Declining or Terminating Representation. The Hearing Panels further concluded that McKechnie's prior discipline was an aggravating *312 factor under N.D. Stds. Imposing Lawyer Sanctions 9.22.
[¶ 9] The Hearing Panels recommend that McKechnie be suspended from the practice of law for a period of 18 months, to run concurrently with the suspension imposed effective January 1, 2004; complete six hours of continuing legal education in the area of ethics or professional responsibility in addition to the continuing legal education requirements of Rule 3, N.D.R. Continuing Legal Ed.; refund Lawrence's $2,500 and return any file materials not previously supplied to Lawrence; and pay the costs and expenses of these disciplinary proceedings in the amount of $750. The Supreme Court considered the matter, and
[¶ 10] ORDERED, the Combined Report of the Hearing Panels and Stipulation and Consent to Discipline are accepted.
[¶ 11] FURTHER ORDERED, William E. McKechnie is suspended from the practice of law for two years, with 18 months to run concurrent with McKechnie's suspension effective January 1, 2004, for violation of N.D.R. Prof. Conduct 1.3, Diligence, 1.1, Competence, 1.5(a), Fees, 1.15(b) and (f), Safekeeping Property, and 1.16(e), Declining or Terminating Representation. The remaining six months of McKechnie's suspension is effective immediately.
[¶ 12] FURTHER ORDERED, William E. McKechnie is to complete six hours of continuing legal education in the area of ethics or professional responsibility, in addition to the requirements of Rule 3, N.D.R. Continuing Legal Ed.
[¶ 13] FURTHER ORDERED, William E. McKechnie refund to John D. Lawrence $2,500 and return to him any file materials not previously supplied to Lawrence.
[¶ 14] FURTHER ORDERED, William E. McKechnie pay the costs and expenses of these disciplinary proceedings in the amount of $750, payable to the Secretary of the Disciplinary Board.
[¶ 15] FURTHER ORDERED, William E. McKechnie must apply for reinstatement under N.D.R. Lawyer Discipl. 4.5.
[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ., concur.
[¶ 17] The Honorable CAROL RONNING KAPSNER, deeming herself disqualified, did not participate in this decision.