2006 ND 73

**In the Matter of the APPLICATION FOR REINSTATEMENT OF Charles T. EDIN.**

**Charles T. Edin, Applicant,**

v.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

No. 20060102.

Supreme Court of North Dakota.

April 13, 2006.

REINSTATEMENT ORDERED

PER CURIAM.

[¶ 1] Charles T. Edin was admitted to the practice of law in the State of North Dakota on April 16, 1984. Edin was placed on interim suspension effective September 24, 2003, and until further order of the Court. *See Disciplinary Board v. Edin*, 2003 ND 152, 669 N.W.2d 118. Subsequently, Edin was placed on suspension beginning with his September 24, 2003, interim suspension to June 7, 2005, the date of the opinion in *Disciplinary Board v. Edin*, 2005 ND 109, 697 N.W.2d 727.

[¶ 2] On December 15, 2005, Edin filed an Application for Reinstatement with the Disciplinary Board. A Stipulation of Facts, letter from the complainants, and Affidavit of Costs and Expenses were filed, and the matter was assigned to a Hearing Panel. The Hearing Panel filed its Report on April 5, 2006, recommending that Edin be reinstated to the practice of law, and that he pay the costs and expenses of the reinstatement proceedings in the amount of $510. The matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 4.5.

[¶ 3] In its Report, the Hearing Panel considered the following factors in N.D.R. Lawyer Discipl. 4.5(F), relating to qualifications for reinstatement:

A. *Fitness and Competence to Practice Law.* Edin has substantial experience in the practice of law. Although his ethics have previously been called into question, his skills as a lawyer are not in question. He has the requisite fitness and competence to practice law.

B. *Compliance with Disciplinary Orders.* Edin has paid all costs associated with the disciplinary proceeding. Thus, he has complied with, the terms and conditions of all applicable disciplinary orders and rules.

C. *Unauthorized Practice of Law.* Edin has not engaged in the unauthorized practice of law during his suspension. There is no indication and Disciplinary Counsel has not pointed out any instances of the unauthorized practice of law during the period of suspension.

D. *Recognizing the Wrongfulness of the Conduct.* Edin recognizes the wrongfulness and seriousness of the misconduct for which he was suspended.

E. *No Further Misconduct.* It does not appear that there have been any further indications of misconduct during the period of suspension.

F. *Requisite Honesty and Integrity to Practice Law.* It appears that Edin has learned from this experience and will maintain an awareness of the ethical requirements of the Rules of Professional Conduct.

[¶ 4] Edin has paid the costs and expenses of the reinstatement proceedings in the amount of $510.

[¶ 5] ORDERED, the Report of the Hearing Panel is ADOPTED.

[¶ 6]  FURTHER ORDERED, Charles T. Edin is reinstated to the practice of law in the State of North Dakota effective immediately.

[¶ 7] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 8] Justice CAROL RONNING KAPSNER, deeming herself disqualified, did not participate in this decision.